# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0276-19T3

Z.F.,

     Plaintiff-Respondent,

v.

C.O.,[1]

     Defendant-Appellant.

_____

Submitted November 5, 2020 – Decided February 3, 2021

Before Judges Alvarez and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County, Docket No. FV-08-0198-20.

Hark & Hark, attorneys for appellant (Jeffrey S. Hark, on the brief).

Helmer, Conley & Kasselman, PA, attorneys for respondent (Patricia B. Quelch, of counsel and on the brief).

_____

[1] We use initials to protect the confidentiality of the participants in these proceedings. R. 1:38-3(d)(10)

PER CURIAM

Defendant C.O. appeals from an August 29, 2019 final restraining order (FRO) entered in favor of plaintiff Z.F. pursuant to the Prevention of Domestic Violence Act (Act), N.J.S.A. 2C:25-17 to - 35. After a careful review of the facts and the applicable legal principles, we affirm.

On August 19, 2019, plaintiff obtained, a temporary restraining order (TRO) against defendant based upon events from the previous night. On August 22, 2019, plaintiff amended the TRO to include an additional allegation of domestic violence that occurred in September 2017. A trial on the FRO was held on August 29, 2019, during which plaintiff, defendant, and Officer Julian Diaz testified.

The following facts are taken from the record of the trial. Z.F. and C.O. met in China in 2012. They were married on April 19, 2017, and had one child who currently resides in China with plaintiff's parents. Neither is a United States citizen; plaintiff is here on a student visa while defendant has a green card. Their child is a United States citizen. On one prior occasion in September 2017, defendant pushed plaintiff to the floor during an argument.

The altercation at the center of this appeal arose out of a disagreement regarding defendant's mother. After returning home on the evening of August

18, 2019, plaintiff was confronted by defendant while she was in their upstairs bathroom. Defendant's mother had tried several times, unsuccessfully, to reach plaintiff by phone earlier that day. While plaintiff was seated on the toilet, defendant demanded she hand over her phone so he could verify her call history. When she refused, defendant grabbed plaintiff, pushed her into the wall, dragged her across the bathroom floor, and shoved her into the bathtub. Defendant retrieved the phone and went downstairs.

Fearing for her safety, plaintiff decided to spend the night at a friend's apartment. She got dressed, packed a bag, and went downstairs to leave. When plaintiff attempted to exit, defendant threw her to the floor, sat on her, and removed the car keys from her purse. Plaintiff struggled with defendant until she was eventually able to free herself and run out of the house. She ran toward the police department until she saw someone parking on the street. The motorist called 911.

Officer Julian Diaz responded to the 911 call. When he arrived, plaintiff was shoeless and frantic. She told him she had been assaulted by her husband at their residence. Diaz went to the home and arrested defendant. Another officer took plaintiff to the police station and photographed the injuries she sustained during the altercation, which were moved into evidence. The photos

3

depicted several abrasions and bruising on plaintiff's elbows, knees, back, and buttocks.

The trial judge found defendant committed the predicate act of simple assault, contrary to N.J.S.A. 2C:12-1(a)(1), when he purposely and knowingly caused plaintiff bodily injury, by shoving her in the bathroom and dragging her across the carpet downstairs. He further found an FRO was necessary to prevent future harm.

This appeal followed. Defendant does not dispute that he is guilty of simple assault based upon his actions on the night of the altercation. Each of the arguments defendant advances on appeal, rather, criticize the trial court's failure to place its reasons for determining an FRO was necessary on the record, as required by the second prong of the test set forth in Silver v. Silver, 387 N.J. Super. 112, 125-27 (App. Div. 2006).

"In our review of a trial court's order entered following trial in a domestic violence matter, we grant substantial deference to the trial court's findings of fact and the legal conclusions based upon those findings." D.N. v. K.M., 429 N.J. Super. 592, 596 (App. Div. 2013) (citing Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)). We should not disturb the "factual findings and legal conclusions of the trial judge unless [we are] convinced that they are so

manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Cesare, 154 N.J. at 412 (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). Deference is particularly appropriate when the evidence is testimonial and involves credibility issues because the judge who observes the witnesses and hears the testimony has a perspective the reviewing court does not enjoy. Pascale v. Pascale, 113 N.J. 20, 33 (1988) (citing Gallo v. Gallo, 66 N.J. Super. 1, 5 (App. Div. 1961)).

The entry of an FRO requires the trial court to make certain findings pursuant to a two-prong analysis. See Silver, 387 N.J. Super. at 125-27. First, the court "must determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19[(a)] has occurred." Id. at 125. Simple assault, as defined by N.J.S.A. 2C:12-1(a)(1), is a predicate act of domestic violence under N.J.S.A. 2C:25-19(a)(2).

Second, if a predicate act has been proven, the court must determine whether a final restraining order is necessary, based on an evaluation of the factors set forth in N.J.S.A. 2C:25-29(a). Silver, 387 N.J. Super. at 127 (citing

N.J.S.A. 2C:25-29(b)); see also J.D. v. M.D.F., 207 N.J. 458, 475-76 (2011). Those factors include:

> (1) The previous history of domestic violence between the plaintiff and defendant, including threats, harassment and physical abuse;
>
> (2) The existence of immediate danger to person or property;
>
> (3) The financial circumstances of the plaintiff and defendant;
>
> (4) The best interests of the victim and any child;
>
> (5) In determining custody and parenting time the protection of the victim's safety; and
>
> (6) The existence of a verifiable order of protection from another jurisdiction.
>
> [N.J.S.A. 2C:25-29(a)(1) to -29(a)(6).]

Because not every factor is relevant in every case, the Act "does not mandate that a trial court incorporate all of those factors into its findings." Cesare, 154 N.J. at 401-02. "When the predicate act is an offense that inherently involves the use of physical force and violence, the decision to issue an FRO 'is most often perfunctory and self-evident.'" A.M.C. v. P.B., 447 N.J. Super. 402, 417 (App. Div. 2016) (quoting Silver, 387 N.J. Super. at 127).

6

The Legislature did not intend the commission of one of the predicate acts set forth in N.J.S.A. 2C:25-19(a) to necessarily require entry of a restraining order. Silver, 387 N.J. Super. at 126-27. Accordingly, it adopted the N.J.S.A. 2C:25-29(a) factors to ensure one would issue only if a threat of immediate or future harm existed. Ibid. Where the predicate act does not reasonably present the threat of immediate or future harm, courts are required to conduct a more robust analysis of the second prong of the Silver test to illustrate exactly why an FRO is warranted. Silver, 387 N.J. Super. at 127-28; see Kamen v. Egan, 322 N.J. Super. 222, 227-28 (App. Div. 1999) (holding a single act of trespass, unaccompanied by violence or the threat of violence, was an insufficient basis to issue and FRO); Corrente v. Corrente, 281 N.J. Super. 243, 250 (App. Div. 1995) (holding a single act of harassment, unaccompanied by violence or the threat of violence, was an insufficient basis to issue and FRO); Peranio v. Peranio, 280 N.J. Super. 47, 56 (App. Div. 1995) (holding a single act of harassment, unaccompanied by violence or the threat of violence, was an insufficient basis to issue and FRO). Conversely, where the predicate act is one of violence, the need for a protective order may arise if it constitutes "one sufficiently egregious action." Cesare, 154 N.J. at 402.

A-0276-19T3

Guided by these principles, we find no error in the trial judge's entry of an FRO. As an initial matter, the September 2017 incident established a history of defendant's physical abuse, N.J.S.A. 2C:25-29(1). Separately, the trial judge found defendant physically assaulted plaintiff on two separate occasions during the altercation on August 18, 2019. First, after refusing to hand over her phone, defendant pushed plaintiff into the wall, dragged her across the bathroom floor, and shoved her into the bathtub. Then, as plaintiff attempted to leave, defendant threw her to the floor, sat on her, and restrained her. As a result of both attacks, plaintiff sustained lacerations and bruising on each of her limbs, her back, and her buttocks.

The subject assault and resulting injuries clearly establish the existence of immediate danger to plaintiff, N.J.S.A. 2C:25-29(2). We conclude that the need for an FRO to prevent further abuse was self-evident given the violent nature of the assault, N.J.S.A. 2C:25-29(b). See Silver, 387 N.J. Super. at 127.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0276-19T3